BROWN *et al. v.* TOLEDO, P. & W. R. Co. *et al.*

(*Circuit Court, N. D. Illinois.* July 2, 1888.)

1. RECEIVERS—LIABILITIES—RENT—RAILROAD COMPANIES.

Where one railroad company leases the property of another, agreeing to pay as part of the rent interest on certain mortgage bonds, non-payment of the rent and interest being a cause of forfeiture, receivers of the lessee company, appointed by the court to preserve its system intact for the benefit of the company and its creditors, are liable for the rent and interest accruing during the term of their receivership.

2. SAME—EXPENSES OF RECEIVERSHIP.

Where the court appoints receivers for a railroad company, for the benefit of that company and its creditors, no part of the expenses of the receivership are chargeable against the property of another railroad company, leased by the insolvent company, the receivership not being for the benefit of the lessor or its creditors.

In Equity.

In the matter of the claim of Philip Henry Brown and John Patton for rental for the use of the Toledo, Peoria & Western Railroad Company by the receivers of the Wabash Company.

*Foster & Thomson*, for complainants.

*Wells H. Blodgett*, for defendants.

GRESHAM, J. 1. The Wabash Company had a leasehold interest, and no more, in the property of the Toledo, Peoria & Western Railroad, and by the terms of the lease that interest was liable to be forfeited for the non-payment of rent. The Wabash Company agreed to pay as part of the rent the interest, as it became due, upon the first mortgage bonds of the Toledo, Peoria & Western. The mortgage which the Wabash Company executed, and which was foreclosed, bound the leasehold interest in the Toledo, Peoria & Western property, and nothing more. The relations between the Wabash and the Toledo, Peoria & Western at the time Humphreys and Tutt were appointed receivers were those of lessor and lessee; and the receivers, under the orders of the court, were invested with the entire estate of the Wabash Company, including its leasehold interest in the Toledo, Peoria & Western property. The receivers thus became assignees of the lease, and, as such, liable for the rent.

2. The Wabash suit was commenced to preserve intact the Wabash system for the benefit of that company and its creditors and stockholders. In order to do this, it was necessary to prevent the forfeiture of leases, including that of the Toledo, Peoria & Western; and the action of the court, including the appointment of the receivers, plainly indicated that the rent would be paid upon leased lines. At the time the latter suit was commenced, neither rent under the lease of the Toledo, Peoria & Western, nor interest on its first-mortgage bonds, was in arrear; and therefore neither the Toledo, Peoria & Western, nor the trustees in its first mortgage, had any right to demand possession of the leased property. It was at all times in the power of the court which appointed the receivers to direct them to surrender possession of the leased property.

3. The receivership embraced only the property of the Wabash Company, and the court took possession of the property of the Toledo, Peoria & Western, not for the benefit of that company and its creditors, but for the benefit of the Wabash Company and its creditors and stockholders. No part of the expenses of the receivership can therefore be properly chargeable against the Toledo, Peoria & Western property.

4. The Toledo, Peoria & Western property was operated by the receivers from May 28, 1884, to June 10, 1885, and the rent which accrued during that period, applicable to the payment of interest on the first-mortgage bonds, amounted to $321,080.47, which amount is due from the receivers to the trustees in the first Toledo, Peoria & Western mortgage, less $99,571.17, already paid by the receivers on that account.

5. The right of this court to decree upon the claim of the trustees in the first mortgage of the Toledo, Peoria & Western for rent for the use of the leased property during the time it was in the possession of Humphreys and Tutt as receivers, is provided for, and recognized in the orders and decrees of the court in the Wabash suit at St. Louis.

A decree will therefore be entered against the receivers for the rent which accrued during their possession of the leased property, less $99,-571.17, the amount already paid as stated, which amount so decreed to be due shall be made a charge upon the property of the receivership, as part of the receivership expenses.